PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN R. HUGHES, *et al.*, | ) | |
| | ) | CASE NO. 5:16CV2245 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST | ) | |
| COMPANY, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF No. 17] |

Pending before the Court is Defendant Deutsche Bank National Trust Company's Motion

to Dismiss.  ECF No. 17.  Plaintiffs responded (ECF No. 18) and Defendant replied (ECF No.

19).  For the following reasons, the Court grants the Motion to Dismiss.

**I.  Background**

Plaintiffs Steven R. Hughes and Ann K. Hughes brought suit against Defendant Deutsche

Bank National Trust, individually and as trustee for American Home Mortgage Assets Trust

2007-3, Mortgage-Backed Pass-Through Certificates Series 2007-3, and Defendant Ocwen Loan

Servicing, LLC, seeking declaratory relief.  ECF No. 1-1.  Plaintiffs argue that they attempted to

rescind their mortgage under the Federal Truth in Lending Act ("TILA"), which gives borrowers

the right to rescind a residential mortgage transaction if the lender fails to satisfy the Act's

disclosure requirements.  15 U.S.C. § 1635(a); ECF No. 1-1 at PageID #: 11–12.

(5:16CV2245)

Defendant Deutsche Bank removed the case from state court.  The Court ordered Plaintiffs to show good cause for why Defendant Ocwen Loan Servicing was not served within ninety days of the filing of the Complaint, pursuant to Federal Rule of Civil Procedure 4(m). ECF No. 9.  Plaintiffs failed to respond, and the Court dismissed all claims against Defendant Ocwen without prejudice on January 11, 2017.  ECF No. 15.

Defendant Deutsche Bank now moves to dismiss the case for failure to state a claim upon which relief can be granted.  ECF No. 18.

## II.  Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must allege enough facts to "raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Federal Rule of Civil Procedure 8(a)(2) requires only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  However, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A complaint requires "further factual enhancement," which "state[s] a claim to relief that is plausible on its face." *Id.* at 557, 570.  A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

2

(5:16CV2245)

*v. Iqbal*, 556 U.S. 662, 678 (2009). When a claim lacks "plausibility in th[e] complaint," that

cause of action fails to state a claim upon which relief can be granted. *Twombly*, U.S. 550 at 564.

A court may dismiss a claim if the court finds on the face of the pleading that "there is an

insurmountable bar to relief indicating that the plaintiff does not have a claim[,]" *Ashiegbu v.*

*Purviance*, 76 F. Supp. 2d 824, 828 (S.D. Ohio 1998), *aff'd* 194 F.3d 1311 (6th Cir. 1999), *cert.*

*denied*, 529 U.S. 1001 (2000), a bar which may be raised by a statute of limitations defense.

### III. Discussion

For the following reasons, the Court dismisses all claims against Defendant Deutsche

Bank, in both its individual and trust capacities.

### A. Deutsche Bank in Its Individual Capacity

Because Plaintiffs' allegations solely concern Defendant Deutsche Bank acting in its

capacity as a trust, the Court dismisses Defendant Deutsche Bank in its individual capacity. The

Sixth Circuit has recognized the difference between a trust operating in its capacity as a trustee

and a trust acting in its individual capacity, and other courts have partially dismissed claims that

failed to discern the difference. *Union Guardian Trust Co. v. Detroit Trust Co.*, 72 F.2d 120,

121 (6th Cir. 1934) (finding a lack of jurisdiction over the trust in its individual capacity, even

though the court had established jurisdiction over the trust); *see also, e.g.*, *City of Cincinnati v.*

*Deutsche Bank Nat. Trust Co.*, 897 F. Supp. 2d 633, 638 (S.D. Ohio 2012) ("It is not sufficient to

allege that [defendants] as individual entities and in their trustee capacities are liable to the City

without some facts supporting such dual capacity liability.").

3

(5:16CV2245)

Plaintiffs brought suit against Defendant "individually, and as Trustee," but later state that their mortgage was assigned to the Trust by Mortgage Electronic Registration Systems, Inc., as a nominee of American Brokers Conduit.  ECF No. 1-1 at PageID #: 6–7, 9.  Plaintiffs make no allegations that Defendant, in its individual capacity, had any involvement with the loan. Accordingly, the Court dismisses Defendant Deutsche Bank in its individual capacity.

**B.  Defendant Deustche Bank in Its Trust Capacity**

Because Plaintiffs' claims do not meet the standards of the TILA, they are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### i.  Time-Barred

Plaintiffs' claims are time-barred.  The TILA provides two remedies to aggrieved parties: damages or rescission of the loan.  A party seeking damages must bring an action within one year of the violation.  15 U.S.C. § 1640(e).  A party seeking rescission must notify the lender of their decision to rescind within three years of the consummation of the transaction or the sale of the property, whichever is first.  15 U.S.C. § 1635(f).  Plaintiffs' loan transaction occurred on March 9, 2007.  ECF No. 1-1 at PageID #: 9, ¶¶ 12–13.  Their right to seek damages expired March 9, 2008, and their right to rescind ended March 9, 2010.

Plaintiffs admit that they did not send their Notice of Rescission until June 10, 2016. ECF No. 18 at PageID #: 209.  Still, Plaintiffs contend that they notified Defendant within the three-year cutoff.  *Id.* at PageID #: 218.   In support, Plaintiffs cite *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015).  *Id.* at PageID #: 217.   *Jesinoski's* holding only addresses the manner in which a borrower must notify the lender of her choice to rescind her loan

(5:16CV2245)

under the TILA.  *Jesinoski*, 135 S. Ct. at 792.  The Supreme Court held that a borrower is not required to bring suit to satisfy the notice requirement, and that written notice will suffice.  *Id.* at 793.  The Supreme Court did not address the timeliness of the notice.  In fact, unlike Plaintiffs, the Jesinoski plaintiffs "notified [the lender] of their intention to rescind within [the three-year cutoff.]"  *Id.* at 791.

Plaintiffs argue, in the alternative, that equitable tolling or the discovery rule should apply.  ECF No. 18 at PageID #: 218.  In support, they quote a blog post dated May 7, 2008, from "www.livinglies.wordpress.com."  *Id.*  Since the publication of this blog post, at least one court in the Northern District of Ohio has found that the discovery rule does not apply to the TILA.  *Dale v. Selene Fin. LP*, No. 3:15CV1762, 2016 WL 1170772, at *10 (N.D. Ohio Mar. 25, 2016) ("TILA's statute of limitations identifies the triggering event as the date the violation 'occurs,' rather than when the action 'accrues.'  When Congress uses that type of language, the federal discovery rule is inapplicable." (citing *Veres v. Wells Fargo Bank, N.A.*, No. 12-cv-3119-REB-KLM, 2014 WL 1133186, at *8 (D. Colo. Mar. 21, 2014))).  Moreover, even if equitable tolling did apply, Plaintiffs have not made any argument that some extraordinary circumstance kept them from timely bringing suit.  *See Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1482, 1488 (6th Cir. 1989) (equitable tolling is "available only in compelling circumstances which justify a departure from established procedures."); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) ("It is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling.").

5

(5:16CV2245)

Finally, Plaintiffs argue, without citation, that Defendant's arguments "are not properly

before this Court under the scope of Civil Rule 12."  A court may evaluate arguments that

plaintiffs face an "insurmountable bar to relief" when considering a motion to dismiss.

*Ashiegbu v. Purviance*, 76 F. Supp. 2d 824, 828 (S.D. Ohio 1998), *aff'd* 194 F.3d 1311 (6th Cir.

1999), *cert. denied*, 529 U.S. 1001 (2000) (a court may dismiss a claim if the court finds on the

face of the pleading that "there is an insurmountable bar to relief indicating that the plaintiff does

not have a claim."); *see also Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir.

1978) (finding a complaint that, on its face, will be barred by the statute of limitations, properly

subject to a 12(b)(6) motion to dismiss).  Accordingly, consideration of the timeliness of

Plaintiffs' Complaint is appropriate at this stage of the litigation.

For these reasons, the Court dismisses Plaintiffs' claims as time-barred.

### ii.  Application to Residential Mortgage Transactions

Even if the Court were to find that Plaintiffs' notice was timely, the rescission remedy is

inapplicable to residential mortgage transactions used to purchase a home.  15 U.S.C.

§1635(e)(1).  The TILA applies to credit transactions in which a security interest is created in a

consumer's principal dwelling, but the Act expressly excludes "residential mortgage

transactions."  *Id.*  The Act defines a "residential mortgage transaction" as a transaction that

creates a security interest against the consumer's dwelling "to finance the acquisition or initial

construction of such dwelling."  15 U.S.C. § 1602(x).  Because Plaintiffs do not allege that their

loan was for something other than the acquisition or construction of their home, Plaintiffs are not

(5:16CV2245)

entitled to the TILA's right of rescission.  Accordingly, as the Court cannot grant relief to Plaintiffs, the Court dismisses Plaintiffs' claims.

### iii.  Failure to Identify Missing Disclosures

Plaintiffs' Complaint must also be dismissed for failing to identify which forms or disclosures were not provided to them.  Although the TILA allows a consumer to rescind for any reason within three days of the transaction, after that period, the consumer can only rescind if the lender failed to provide them with certain forms or disclosures.  15 U.S.C. § 1635(a).  Even if the Court reads Plaintiffs' Complaint generously, it is unclear how Defendants violated the TILA.  For example, although Plaintiffs complain of being unable to discern "accurate and appropriate interest rate calculations and/or payment," ECF No. 1-1 at PageID #: 11, ¶ 26, their attached Note states that their interest rate will be 6.75%, and their payments will be in the amount of $1,053.32.  *Id.* at PageID #: 16.  Without additional details, Plaintiffs have not alleged a violation of the TILA.  Therefore, the Court dismisses Plaintiffs' claims.

### iv.  Assignment

Plaintiffs' Complaint must also be dismissed because the Trust is not the original creditor.  An assignee is only liable if the violation "'is apparent on the face of the disclosure statement' provided by the original creditor at the time of the transaction."  15 U.S.C. § 1641 (e)(1).  As discussed above, Plaintiffs have not demonstrated that the violation was apparent on the face of the disclosure statement.  Therefore, the Court dismisses Plaintiffs' claims.

7

(5:16CV2245)

### IV.  Conclusion

For the foregoing reasons, the Court grants Defendant's Motion to Dismiss.


IT IS SO ORDERED.


 February 28, 2017                              /s/ Benita Y. Pearson
Date                                        Benita Y. Pearson
                                            United States District Judge